UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEWELL ALLEN,

                Petitioner,        CIVIL CASE NO.    06-10015

v.                                           CRIMINAL CASE NO. 97-50021-3

UNITED STATES OF AMERICA,        HONORABLE PAUL V. GADOLA
                                                    U.S. DISTRICT COURT
                Respondent.
_____/

**ORDER**

On January 3, 2006, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). The petition, however, names the United States as Respondent and seeks to vacate his sentence based on *Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker,* 543 U.S. 220 (2005). Such relief is more appropriately sought through a motion to vacate under 28 U.S.C. § 2255, rather than through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3):

> The fifth paragraph of § 2255, the "savings clause," provides that:
>
> > An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.
>
> Construing this language, courts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served

> shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.
>
> Still, pursuant to the "savings clause" in § 2255, a federal prisoner may bring a claim challenging his conviction or imposition of sentence under § 2241, if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." Significantly, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate. It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective.

*Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (citations omitted). Therefore, the Court construes Petitioner's filing as a motion to vacate under 28 U.S.C. § 2255. Normally the Court could not *sua sponte* recharacterize a defendant's petition without warning the petitioner of the possible negative consequences of such a recharacterization and offering the petitioner an opportunity to respond or withdraw his petition. *See Castro v. United States*, 540 U.S. 375, 383 (2003). The negative consequences, though, stem from the preclusive effect such a recharacterization would have on a second, successive motion to vacate under § 2255, were the petition to subsequently bring what he would then consider to be his first motion to vacate. Yet, here, Petitioner has already filed a previous motion to vacate under § 2255 on February 22, 2000, which the Court denied on June 20, 2000. Thus, the harm sought to be avoid by *Castro* is not applicable.

Since Petitioner's current motion to vacate sentence is a "second or successive motion" within the meaning of 28 U.S.C. § 2255, it must be transferred to the Sixth Circuit for the necessary certification required by 28 U.S.C. § 2244. Section 2244(b)(3)(A) of Title 28 of the United States

Code mandates: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In this case, the Court has not received an order authorizing consideration of Petitioner's current motion to vacate sentence from the appropriate court of appeals, the United States Court of Appeals for the Sixth Circuit. Pursuant to § 2244(b)(3)(A), this motion should be brought before the Sixth Circuit. Therefore, the Court will transfer this motion to the Sixth Circuit for the necessary § 2244 certification. *United States v. Thompson*, 58 Fed. Appx. 599, 601 (6th Cir. 2002) (citing *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997)).

**ACCORDINGLY, IT IS HEREBY ORDERED** that Petitioner's motion to vacate sentence, construed from Petitioner's petition for a writ of habeas corpus [docket entry 458] and recognized by this Court as a second or successive motion pursuant to 28 U.S.C. § 2255, shall be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit for the necessary certification under 28 U.S.C. § 2244.

**SO ORDERED.**

Dated:   January 16, 2006             s/Paul V. Gadola
                                      HONORABLE PAUL V. GADOLA
                                      UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   January 17, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                    Mark C. Jones                             , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                Jewell Allen                           .

                              s/Ruth A. Brissaud
                              Ruth A. Brissaud, Case Manager
                              (810) 341-7845